# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| THE ART OF DESIGN, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:16-cv-00595 |
| PONTOON BOAT, LLC, d/b/a Bennington and Bennington Marine; and HAWKEYE BOAT SALES, INC., | ) **JURY DEMANDED** |
| Defendants. | ) |

## COMPLAINT

Plaintiff The Art of Design, Inc. ("TAOD"), by counsel, for its complaint against Defendants Pontoon Boat, LLC, doing business as Bennington and Bennington Marine ("Bennington"), and Hawkeye Boat Sales, Inc. ("Hawkeye"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. §101 et seq., as amended (the "Copyright Act"), and unfair competition arising under state law.

## PARTIES, JURISDICTION, AND VENUE

2. TAOD is a corporation organized under the laws of the State of Indiana with its principal office located at 104 Rush Court, Elkhart, Indiana 46516.

3. Defendant Bennington is a limited liability company organized under the laws of the State of Delaware with its principal office located at 2805 Decio Drive, Elkhart, Indiana 46514.  Bennington may be served through its registered agent, Diana Engle, 2805 Decio Drive, Elkhart, Indiana 46514.

4. Defendant Hawkeye is an Iowa corporation authorized to do business, and which regularly transacts business, in the state of Indiana, including within this judicial district. In particular, Hawkeye regularly conducts business in Indiana with Bennington. Hawkeye may be served by serving its registered agent, Stuart G. Hoover, 850 White Street, Dubuque, IA 52001-7035.

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, and 1338(a) and (b).

6. Venue of this action in the Northern District of Indiana, South Bend Division, is based on 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

### *TAOD's Original Designs*

7. TAOD is and for many years has been among the most successful and highly respected companies in the United States engaged in the business of custom airbrushing and fine art. Among other things, TAOD designs custom artwork for corporate and personal clients, and has done specialty work for most major motorcoach and boat companies. TAOD markets its designs and ability to create custom designs throughout the United States via the internet, magazines, and direct to clients.

8. TAOD's success is due in no small measure to its employment, at great cost to TAOD, of highly talented individuals who create for TAOD original and attractive two-dimensional designs ("TAOD Designs") that are often reproduced and/or applied to, among other things, boats, recreational vehicles, airplanes, automobiles, and helicopters.

9. TAOD Designs are applied by TAOD to any "canvas" in TAOD's 15,000-square-foot, state-of-the-art design and paint studio.

10. The TAOD Designs are created by TAOD's employees and constitute copyrightable subject matter under the Copyright Act.

11. TAOD owns all right, title, and interest in and to the TAOD Designs.

### *The Shatter Graphics*

12. TAOD created and is the author of designs known as the "Shatter Graphics". TAOD owns all right, title, and interest in and to the Shatter Graphics. The Shatter Graphics are works of visual art pursuant to Section 106A of the Copyright Act.

13. The Shatter Graphics are also registered in TAOD's name at the United States Copyright Office under registration numbers VA 1-979-388 and 1-982-002.

### *Defendants' Infringing Activities*

14. Defendants are in the business of selling products in the marine industry. Among other things, Defendants sell pontoon boats.

15. As part of Defendants' advertising and marketing efforts, Defendants purport to create custom pontoon boats.

16. Defendants' are selling, distributing, and have sold pontoon boats bearing designs that are copied from and substantially similar to TAOD's Shatter Graphics, without authorization from TAOD.

17. Defendant Bennington obtained access to the Shatter Graphics from TAOD in 2011. Around that time, Bennington representatives approached TAOD and requested that TAOD suggest a TAOD design to be applied to a limited number of Bennington pontoon boats.

18. TAOD provided Bennington with numerous samples of TAOD-owned designs and Bennington ultimately opted for the Shatter Graphics to be placed on the exterior of Bennington's boats. The designs presented to Bennington each contained the

following notice: "TAOD DESIGNS ARE THE PROPERTY OF TAOD. THEY ARE NOT TO BE REPRODUCED, COPIED OR FORWARDED TO ANYONE WITHOUT WRITTEN PERMISSION."

19. TAOD and Bennington entered into an agreement whereby TAOD would apply the Shatter Graphics to the exterior of a limited number of Bennington boats in exchange for payment by Bennington. A copy of TAOD's invoice to Bennington is attached as ***Exhibit A.***

20. Pursuant to the agreement, TAOD painted the Shatter Graphics onto a limited number of Bennington boats.

21. Thereafter, TAOD discovered that Bennington continued selling, advertising, and distributing products incorporating the Shatter Graphics design, or designs that are substantially similar to the Shatter Graphics design, without TAOD's license, permission, or consent. Bennington continues to sell, advertise, and distribute products incorporating the Shatter Graphics design or designs that are substantially similar to the Shatter Graphics design without TAOD's license, permission, or consent.

22. Bennington also provided the Shatter Graphics design, or designs that are substantially similar to the Shatter Graphics design, to Hawkeye, another marine dealer/retailer, without TAOD's license, permission, or consent.

23. Hawkeye then began selling, advertising, and distributing marine products incorporating the Shatter Graphics design or designs that are substantially similar to the Shatter Graphics design without TAOD's license, permission, or consent. Hawkeye continues to sell, advertise, and distribute products incorporating the Shatter Graphics design, or designs that are substantially similar to the Shatter Graphics design, without TAOD's license, permission, or consent.

24. Bennington's infringing designs may be found at its websites www.benningtonmarine.com and www.clubbennington.com.

25. Hawkeye's infringing designs may be found at its website www.hawkeyeboatsales.com.

26. On March 3, 2015, TAOD, through its counsel, sent a letter to Defendants demanding that it cease its infringing activities.

27. Bennington, through its counsel, denied TAOD's demands.

28. Hawkeye has not responded to TAOD's demands.

## CLAIMS FOR RELIEF

### *Count I – Breach of Contract against Bennington*

29. TAOD incorporates by reference all preceding allegations as if fully set forth in this paragraph.

30. As set forth above, TAOD and Bennington entered into a valid and enforceable contract.

31. TAOD fully performed all of its obligations under the contract.

32. Bennington breached its contractual duties by advertising, selling, or distributing products displaying the Shatter Graphics design or designs substantially similar to the Shatter Graphics design, without TAOD's license, permission, or consent, and without paying TAOD for use of the Shatter Graphics.

33. As a result of Bennington's breach of the contract, TAOD has been damaged in an amount to be determined at trial.

### *Count II – Unjust Enrichment against all Defendants*

34. TAOD incorporates by reference all preceding allegations as if fully set forth in this paragraph.

35. Defendants have received and continue to receive a measurable benefit by receiving the value of TAOD's labor, services, and designs without paying TAOD.

36. Defendants' retention of this measurable benefit is unjust.

37. As a result, Defendants have been unjustly enriched in an amount to be determined at trial.

### *Count III – Copyright Infringement against all Defendants*

38. TAOD incorporates by reference all preceding allegations as if fully set forth in this paragraph.

39. Defendants, without license, permission, or consent from TAOD, are selling, distributing, advertising, and have sold goods bearing a design that is copied from and/or substantially similar to the Shatter Graphics.

40. Defendants have thereby infringed TAOD's copyright in the Shatter Graphics.

41. Defendants' infringing acts were committed with knowledge and in reckless disregard of TAOD's exclusive rights in the Shatter Graphics under Sections 106 and 106A of the U.S. Copyright Act.

42. By the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

43. The aforementioned acts by Defendants have damaged, and if not enjoined, will continue to damage TAOD and cause it irreparable harm, for which TAOD has no adequate remedy at law.

### *Count IV – Unfair Competition against all Defendants*

44. TAOD incorporates by reference all preceding allegations as if fully set forth in this paragraph.

45. The aforementioned acts of Defendants constitute unfair competition, unlawful under the laws of the State of Indiana.

46. By the acts complained of, Defendants have made substantial profits and gains, which they are not in law or in equity entitled to retain.

47. The aforementioned acts by Defendants have damaged, and if not enjoined, will continue to damage TAOD and cause it irreparable harm, for which TAOD has no adequate remedy at law.

### *Count V – Inducing Copyright Infringement against Bennington*

48. TAOD incorporates by reference all preceding allegations as if fully set forth in this paragraph.

49. As described above, Bennington actively and knowingly caused, urged, encouraged, or aided Hawkeye in infringing TAOD's copyright in the Shatter Graphics.

50. In doing so, Bennington had the specific intent to infringe TAOD's copyright in the Shatter Graphics and Bennington knew that it was inducing activity that infringed TAOD's copyright.

51. As a result of Bennington's inducing copyright infringement, TAOD has been damaged in an amount to be determined at trial.

### *Count VI – Violations of DMCA, 17 U.S.C. § 1202*

52. TAOD incorporates by reference all preceding allegations as if fully set forth in this paragraph.

53. Additionally and alternatively, Defendants violated §1202, et seq. of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

54. In creating promotional photographs and advertisements for Defendants' websites and other publications, Defendants intentionally removed, and omitted TAOD's copyright management information from copies of TAOD's works.

55. Said Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without proper authorization.

56. At the time said Defendants removed TAOD's copyright management information from copies of its works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of TAOD's copyrights.

57. TAOD is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of its rights under 17 U.S.C. § 1202.

58. Pursuant to 17 U.S.C. §1203(b)(5), TAOD is entitled and seek to recover its reasonable attorney's fees.

59. The aforementioned acts of Defendants have damaged and continue to damage TAOD in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, TAOD requests that the Court:

1. Enter judgment that Defendants have infringed upon TAOD's copyrights in the Shatter Graphics in violation of Sections 106 and 106A of the U.S. Copyright Act;

2. Preliminarily and permanently enjoin Defendants, their officers, directors, agents, partners, employees and related companies, and all persons acting for, with, by,

through or under them, from manufacturing, copying, reproducing, distributing, advertising, promoting, offering for sale or selling any product or article bearing any design identical or substantially similar to any of TAOD's designs, including the Shatter Graphics;

3. Order the impoundment of the infringing products pursuant to 17 U.S.C. § 503;

4. Order Defendants, their officers, directors, agents, partners, employees, and related companies, and all persons acting for, with, by, through, or under them, to destroy all products or articles infringing in the TAOD designs, including the Shatter Graphics, as well as all other infringing materials;

5. (a) Award to TAOD its actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of their acts of copyright infringement, in amounts to be determined at trial; or (b) in the alternative, TAOD, pursuant to 17 U.S.C. § 504, statutory damages;

6. Award to TAOD, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendants' acts of copyright infringement;

7. Award to TAOD its actual damages incurred and all profits realized by Defendants as a result of their acts of unfair competition, inducing infringement, breach of contract, unjust enrichment, and civil conspiracy;

8. Award to TAOD treble the amount of its damages sustained as a result of Defendants' violations of Indiana Code § 34-24-3-1;

9. Award TAOD statutory damages not exceeding $25,000 for each act committed in violation of its rights under 17 U.S.C. § 1202 and attorney's fees pursuant to 17 U.S.C. §1203(b)(5);

10. Award to TAOD punitive damages as a result of Defendants' acts of unfair competition, inducing infringement, breach of contract, and civil conspiracy pursuant to Ind. Code § 34-51-3 et seq.; and

11. Award to TAOD such other and further relief as the Court deems just and proper.

## JURY DEMAND

TAOD requests a trial by jury on all claims so triable.

Dated this 6th day of September, 2016.

Respectfully submitted,

/s/ Sean J. Quinn
John D. LaDue (19039-71)
Sean J. Quinn (29441-71)
LaDue | Curran | Kuehn
200 First Bank Building
205 West Jefferson Boulevard
South Bend, IN 46601
Tel:   574.968.0760
Fax:   574.968.0761
jladue@lck-law.com
squinn@lck-law.com

*Attorneys for The Art of Design, Inc.*