UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THE ART OF DESIGN, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-595-JD-JEM |
| | ) | |
| PONTOON BOAT, LLC, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) [DE 24], filed by Defendants on October 5, 2017. Plaintiff filed a response on October 19, 2017, and Defendants filed a reply on October 26, 2017.

### I. Background

Plaintiff is in the business of designing and airbrushing custom artwork, including custom artwork for motor coaches, boats, airplanes, and other vehicles. In its Amended Complaint, Plaintiff alleges that Defendants, who sell custom pontoon boats, wrongfully used two of Plaintiff's designs on boats sold by Defendants. Plaintiff's claims include copyright infringement, for which it demands actual damages plus profits realized by Defendants as a result of copyright infringement; or, in the alternative, statutory damages under 17 U.S.C. § 504. Plaintiff also seeks attorney's fees under 17 U.S.C. § 505, plus additional statutory damages and attorney's fees under 17 U.S.C. §§ 1202 and 1203(b)(5). In the instant Motion, Defendants request that the Court strike from Plaintiff's amended complaint its requests for attorney's fees and statutory damages. Plaintiff in its response agrees to withdraw its requests for relief under 17 U.S.C. §§ 1202 and 1203(b)(5); therefore, the only remaining question is whether the Court should strike Plaintiff's demands for statutory damages and attorney's fees under 17 U.S.C. §§ 504 and 505.

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990).

## III. Analysis

Defendants argue that Plaintiff's requests for statutory damages and attorney's fees should be stricken from its Amended Complaint. They contend that 17 U.S.C. § 412 precludes an award of statutory damages and attorney's fees under §§ 504 and 505 when the alleged infringement commences more than three months prior to the effective date of the subject copyright registration. Plaintiff responds that, because a copyright claim accrues each time an infringing act occurs and Defendants' infringement continued past the date the copyright was registered, Plaintiff is entitled to statutory damages and fees for Defendants' ongoing infringing acts. The parties agree that the acts of alleged infringement both preceded and post-dated Plaintiff's registration of its copyright. However, Defendants in their reply cite both legislative history and case law to argue that an infringement "commences," for the purposes of § 412, with the first instance of infringement, and

that when a claim for infringement accrues is a wholly separate issue irrelevant to the application of § 412.

The Copyright Act makes registration a prerequisite to certain remedies for infringement. 17 U.S.C. § 412. It states that "no award of statutory damages or of attorney's fees, as provided by §§ 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; s*ee also, e.g., Budget Cinema, Inc. v. Watertower Associates,* 81 F.3d 729, 733 (7th Cir. 1996) ("[The plaintiff] was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of [its] copyright registration.").

The crucial question, then, is whether the alleged infringement in this matter "commenced" with Defendants' first use of the disputed designs, as Defendants argue, or whether the infringement "commenced" each time the Defendants used one of Plaintiff's designs. "Every court to consider the issue has held that infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 700–01 (9th Cir. 2008) (quoting *Johnson v. Jones,* 149 F.3d 494, 506 (6th Cir. 1998)); *accord Bouchat v. Bon-Ton Dep't Stores,* 506 F.3d 315, 330 (4th Cir. 2007) ("In using the word 'commenced,' § 412(1) instructs us to trace [the defendant's] infringing conduct after registration back to [its] original infringement"); *see also Bell v. Turner*, No. 1:15-CV-00931-TWP-DKL, 2016 WL 1270221, at *2–3 (S.D. Ind. Mar. 31, 2016) (holding that the plaintiff was not entitled to statutory damages and attorney's fees where the defendant admitted to posting an infringing photo "well before" its copyright registration, despite continued postings after the registration date).

Plaintiff, in contrast, argues that an infringement "commences" when a claim "accrues." Under the separate accrual rule, "each alleged act of infringement gives rise to a discrete claim that accrues at the time the wrong occurs." Pl. Br. at 2, quoting *Consumer Health Info. Corp. re Amlyn Pharm., Inc.* 819 F.3d 992, 996 (7th Cir. 2016). However, the separate accrual rule governs only when a claim for copyright infringement may be filed. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) ("It is widely recognize that the separate-accrual rule attends the copyright statute of limitations.") The "accrual" of an action does not address the question of damages barred by § 412. Therefore, the separate accrual rule is inapplicable to Plaintiff's requests for statutory damages and attorney's fees.

The limitation on statutory damages imposed by § 412 is not discretionary. Instead, the statute "leaves no room for discretion, mandating that no attorney's fees or statutory damages be awarded so long as the infringement commenced before registration of the copyright." *Johnson v. Jones*, 149 F.3d at 505. Because the parties agree that the first instances of alleged infringement occurred well before Plaintiff's registration of its copyrights, under § 412, Plaintiff is not entitled to statutory damages or attorney's fees.

**VI.    Conclusion**

Accordingly, the Court hereby **GRANTS** Defendants' Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) [DE 24] and **ORDERS** that Plaintiff's demands for statutory damages and attorney's fees under 17 U.S.C. §§ 504(a)(2) and 504(c) and Plaintiff's demands for statutory damages and attorney's fees under 17 U.S.C. §§ 1202 and 1203(b)(5) are hereby **STRICKEN**.

SO ORDERED this 17th day of November, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record