UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE ART OF DESIGN, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:16-CV-595 JD ) |
| PONTOON BOAT, LLC, d/b/a Bennington and Bennington Marine, and HAWKEYE BOAT SALES, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff The Art of Design, Inc. ("TAOD") filed its original complaint in this lawsuit on September 6, 2016. [DE 1] On motion of Defendants Bennington and Hawkeye Boat Sales (collectively "Defendants"), the Court dismissed that complaint in August 2017. [DE 19] Shortly thereafter, TAOD filed its first amended complaint (the "FAC") alleging copyright infringement against both Defendants (Count II), and alleging breach of contract and induced infringement against Bennington (Counts I and III, respectively). [DE 23] Now before the Court is Defendants' Motion to Dismiss the FAC. [DE 28] For the reasons stated herein, the Court will grant in part and deny in part said motion.

### FACTUAL ALLEGATIONS

TAOD designs custom artwork that can be applied to a variety of "canvases," such as boats and motorcoaches. [DE 23 ¶ 7] TAOD alleges that it is the sole author of, or the assignee of the two visual designs at issue here, known collectively as the "shatter graphics." *Id.* ¶ 12. The shatter graphics are registered with the U.S. Copyright Office under registration numbers VA 1-

1

979-388 (the "'388 design") and 1-982-002 (the "'002 design"). *Id.* ¶ 13. The registrations, which include the graphics themselves, are attached to the FAC.

Defendants sell products in the marine industry, including pontoon boats. *Id.* ¶ 15. In or around 2011, Bennington reached out to TAOD and requested that TAOD propose a design for application to a limited number of Bennington pontoon boats. *Id.* ¶ 18. TAOD provided Bennington with samples of its artwork, and Bennington selected the designs depicted in the shatter graphics to be placed on the exterior of its boats. *Id.* ¶ 19. TAOD alleges that it entered into the following agreement with Bennington to govern their conduct moving forward:

> [I]n exchange for payment by Bennington 1) TAOD would apply the Shatter Graphics to the exterior of a limited number of Bennington boats and 2) Bennington would not reproduce, copy, or distribute the Shatter Graphics to anyone without written permission.

*Id.* ¶ 20. Nowhere does TAOD allege that this agreement was reduced to writing, nor does it attach any written contract to the FAC.

Sometime after Bennington paid TAOD for the requested paint job, TAOD alleges that Bennington sold, advertised, and distributed products (other than the boats covered by the agreement) incorporating either the shatter graphics or designs that are substantially similar to the shatter graphics, without TAOD's authorization. *Id.* ¶ 22. TAOD further alleges that Bennington provided the shatter graphics or substantially similar designs to Hawkeye, again without TAOD's authorization. *Id.* ¶ 23. Hawkeye then allegedly began selling, advertising, and distributing its own products incorporating these designs without TAOD's authorization. *Id.* ¶ 24. TAOD alleges that Defendants continue to engage in the alleged infringing conduct. *Id.* ¶¶ 22, 24.

**STANDARD**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Defendants move to dismiss the infringement and breach of contract claims.[1] For the following reasons, the Court will deny Defendants' motion to dismiss the copyright infringement claim (Count II), but will dismiss TAOD's breach of contract allegations (Count I).

**A.      Copyright Infringement Claim**

Defendants argue for dismissal of TAOD's copyright infringement claim on two distinct theories. First, Defendants suggest that any alleged infringement of the '002 design should be

---

[1] While their motion is not labeled as a "partial" one, Defendants do not seek to dismiss Count III, the claim for induced infringement against Bennington.

dismissed under the "useful article" exception found at 17 U.S.C. § 113(b). Second, Defendants maintain that the '388 design depicts nothing but unprotectable lines and geometric shapes, and that therefore, there exists no substantial similarity between the '388 design and the alleged infringing works sufficient to support a claim for copyright infringement. The Court will deny Defendants' requests related to these arguments.

1. **The "Useful Article" Exception**

While the '388 design is limited to a depiction of shattered glass [DE 23-1 at 4], the '002 design, in contrast, is a rendering of a pontoon boat with what appears to be the '388 design painted on its side. [DE 23-2 at 5] Defendant asserts that, even where, as here, a plaintiff has a copyright in the drawing of a "useful article," the Copyright Act does not grant rights in that article and therefore "others are not precluded from manufacturing and marketing the article itself." *Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, 753 F. Supp. 2d 753, 758-59 (N.D. Ind. 2010) (citing *Gusler v. Fischer*, 580 F. Supp. 2d 309, 315 (S.D.N.Y. 2008)); *see also Niemi v. Am. Axle Mfg. & Holding Inc.*, No. 05-74210, 2006 WL 2077590, at *3 (E.D. Mich. July 24, 2006) (holding that "the manufacture of a machine from a copyrighted technical drawing is clearly not copyright infringement"). This is known as the useful article exception. *See* 17 U.S.C. § 113(b) (limiting rights with respect to the making, distribution, or display of a useful article portrayed in a copyrighted work); *id.* § 101 (defining "useful article" as one "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information").

Holding the manufacturing of a useful item "by using a copyright protected drawing of that item to constitute infringement would be to elevate the copyright to a patent." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, Civil Action No. 06-2662, 2011 WL 4596043, at *3 (D. Md.

Sept. 30, 2011) (citing *Forest River*, 753 F. Supp. 2d at 759). But nowhere in the FAC does TAOD allege that Defendants committed copyright infringement by manufacturing pontoon boats based on the '002 design. Rather, the FAC alleges that Defendants each began and continued "selling, advertising, and distributing [products]" that *incorporate the shatter graphics*, without permission. [DE 23 ¶¶ 22, 24, 34] Defendants thus improperly equate manufacturing pontoon boats with incorporating designs on them. For example, Defendants' pontoon boats that TAOD alleges impermissibly display the shatter graphics might already have been manufactured prior to any of the alleged events, yet Defendants still could be found liable for copyright infringement by painting TAOD's designs (or substantially similar designs) on their boats without authorization.

Moreover, viewed in light of this distinction, the fact that the '002 design depicts a useful article (a pontoon boat) matters little when considering the rendering's incorporation of a shattered glass design. Pictorial, graphic, and sculptural works of original authorship are afforded copyright protection. 17 U.S.C. § 103(a)(5). And, "the design of a useful article," such as the '002 design here, nonetheless "*shall be considered a pictorial, graphic, or sculptural work* only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *Id.* § 101 (emphasis added). Defendants make no attempt to explain why the paint job depicted in the '002 design does not deserve copyright protection as a pictorial work, or more specifically, why it cannot exist "independently of" the utilitarian aspects of the portrayed pontoon boat, which itself merely provides a canvas for the artwork. *See Kiini LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, Case No. CV 15-8433, 2016 WL 7647685, at *3 (C.D. Cal. Sept. 9, 2016) (denying motion to dismiss where defendant argued plaintiff's

swimsuit design contained only utilitarian functions despite presence of triangular designs on the swimsuit's borders) (citing *Express, LLC v. Fetish Grp., Inc.*, 424 F. Supp. 2d 1211, 1224-25 (C.D. Cal. 2006) ("because the lace and embroidery accents are totally irrelevant to the utilitarian functions of the [item of clothing], those aspects of the [item of clothing] are copyrightable" and the "placement and arrangement of the lace do not relate to the functionality of the [item of clothing]")). Based on the above, Defendants' useful article arguments do not merit dismissal.

### 2. The '388 Design

To establish a copyright infringement claim, TAOD must prove "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). As for the second element, because evidence of direct copying is often unavailable, *see JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007), "a plaintiff may prove copying by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Peters*, 692 F.3d at 633. Courts in the Seventh Circuit determine substantial similarity through the "ordinary observer test: 'whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiffs' protectable expression by taking material of substance and value.'" *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 509 (7th Cir. 1994) (quoting *Atari Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982) (superseded by statute on other grounds).

Defendants' motion does not attack the sufficiency of TAOD's allegations regarding these elements. Instead, it questions whether the '388 design is itself entitled to protection under

the Copyright Act. This is an entirely "separate question" from whether the shatter graphics and alleged infringing artwork are substantially similar. *Peters*, 692 F.3d at 632 ("If the copied parts are not, on their own, protectable expression, then there can be no claim for infringement of the reproduction right.") (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010)).

According to Defendants, the depiction of shattered glass in the '388 design is "comprised of basic lines and geometric shapes that are themselves unoriginal and unprotectable material." [DE 29 at 7] As a result, Defendants maintain that the '388 design's elements are "so rudimentary, commonplace, standard, or unavoidable" that infringement cannot be proven. *Id.* (citing *Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 929 (7th Cir. 2003)). However, Defendants' argument comes up short in failing to consider another important point enunciated by *Bucklew*, that while "infringement cannot be found on the basis of" such rudimentary lines and shapes, "it is the *combination* of elements, or particular novel twists given to them, that supply the minimal originality required for copyright protection." 329 F.3d at 929 (emphasis added). Defendants ignore this language from *Bucklew* and make no attempt to explain why or even whether the *combination* of lines and geometric shapes in the '388 design render it unprotectable. *See Kelley v. Chicago Park Dist.*, 635 F.3d 290, 303 (7th Cir. 2011) ("[A]n author's expressive combination or arrangement of otherwise noncopyrightable elements (like geometric shapes) may satisfy the originality requirement.") (citing *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 939 (7th Cir. 1989)); *see also* 2 William Patry, *Patry on Copyright* § 4:17 (2018) ("While common or geometric shapes or symbols themselves are not protectable, a creative arrangement of them may be an original compilation, since the protection lies in the

arrangement and not in the symbols."). Because of this, the Court cannot conclude that the '388 design lacks protectable expression, and Defendants' motion will be denied in this regard.

**B.     Breach of Contract**

Count I of the FAC alleges breach of contract against Bennington based on its advertisement, sale, and/or distribution of products that display the shatter graphics (or substantially similar designs) without TAOD's written authorization. [DE 23 ¶ 31] As discussed above, TAOD alleges that it entered into an agreement with Bennington whereby: (1) TAOD would apply the shatter graphics to the exterior of a limited number of Bennington boats; and (2) Bennington would not "reproduce, copy, or distribute" the shatter graphics to anyone without written authorization. [DE 23 ¶ 20]

Defendants argue for dismissal of this claim on two grounds. First, that TAOD's breach of contract claims should be dismissed as preempted under 17 U.S.C. § 301(a), and second, that the breach of contract claim should be dismissed under Indiana's statute of frauds. For the following reasons, the Court will reject Defendants' preemption argument, but will nonetheless dismiss Count I as barred by the statute of frauds.

   **1.     Preemption**

Section 301(a) of the Copyright Act "preempts 'all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106' and are 'in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103.'" *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011) (quoting 17 U.S.C. § 301(a)). The Seventh Circuit has "distilled" two elements from the language of § 301: "First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102. Second, the

right must be equivalent to any of the rights specified in § 106." *Id.* (quoting *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986)). Those rights include the "'reproduction, adaptation, publication, performance, and display' of the copyrighted work." *Id.* (quoting *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 909 (7th Cir. 2005)). Also among that list is the exclusive right to distribute copies of the copyrighted work to the public by sale. 17 U.S.C. § 106(3).

"[T]o avoid preemption, a state law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law," meaning conduct other than reproduction, adaptation, publication, performance, display, or distribution. *Toney*, 406 F.3d at 910; *see also* § 106. The Seventh Circuit disfavors preemption of state law breach of contract claims. *See ProCD, Inc. v. Zeidenberg*, 86 F.3d 1147, 1455 (7th Cir. 1996). As the *ProCD* court explained, copyrights create a right of the author "against the world" and "restrict the options of persons who are strangers to the author." *Id.* at 1454. "Contracts, by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.'" *Id.* Because of this, "§ 301(a) does not itself interfere with private transactions in intellectual property," and "a simple two-party contract is not 'equivalent to any of the exclusive rights within the general scope of copyright' and therefore may be enforced." *Id.* at 1455. As the alleged contract here represents nothing more than a "simple two-party" agreement, its alleged breach does not seek to enforce any rights equivalent to those set forth in the Copyright Act. Therefore, the Court will decline to hold TAOD's breach of contract claim preempted.

    **2.**    **Statute of Frauds**

Preemption issues notwithstanding, TAOD's breach of contract claim must be dismissed under Indiana's statute of frauds, which provides:

9

> (b) A person may not bring any of the following actions unless the promise, contract, or agreement on which the action is based … is in writing and signed by the party against whom the action is brought or by the party's authorized agent:
>
>> (5) An action involving any agreement that is not to be performed within one (1) year from the making of the agreement.

Ind. Code 32-21-1-1(b)(5). "The Statute is intended to preclude fraudulent claims that would probably arise when one person's word is pitted against another's and that would open wide the floodgates of litigation." *Jernas v. Gumz*, 53 N.E.3d 434, 446 (Ind. Ct. App. 2016), *trans. denied*. In addition, "[t]he Statute does not govern the formation of a contract but only the enforceability of contracts that have been formed." *Knapp v. Estate of Wright*, 76 N.E.3d 900, 906-07 (Ind. Ct. App. 2017), *transfer denied sub nom. Knapp v. Wright*, 92 N.E.3d 1089 (Ind. 2017) (citing *Fox Dev., Inc. v. England*, 837 N.E.2d 161, 165 (Ind. Ct. App. 2005)).

The second term of TAOD's alleged agreement with Bennington prohibits Bennington from reproducing, copying, or distributing the shatter graphics to anyone, without written authorization. [DE 23 ¶ 20] The lack of any timeframe accompanying this open-ended requirement renders the agreement incapable of being completed within one year and therefore places the agreement squarely within the statute of frauds. At no point does TAOD allege that it had a written agreement with Bennington that would save the contract from the statute of frauds. Nor does the invoice it attached to the FAC speak at all to the alleged requirement that Bennington not reproduce, copy, or distribute the shatter graphics absent TAOD's consent. Accordingly, TAOD's breach of contract claim will be dismissed with prejudice.[2] *See Tucker v.*

---

[2] The Court previously dismissed TAOD's breach of contract claim from the original complaint, without prejudice. [DE 19 at 5] In doing so, the Court highlighted the lack of any alleged written contract as detrimental to the sufficiency of TAOD's allegations. *Id.* Despite that hint, TAOD has neither included nor alleged the existence of a written contract at this stage. While TAOD (perhaps in an attempt to avoid the statute of frauds) will not confirm whether the alleged agreement was indeed an oral one, it will not be afforded yet another chance to plead otherwise.

*Roman Catholic Diocese of Lafayette-In-Indiana*, 837 N.E.2d 596, 600-01 (Ind. Ct. App. 2005) (affirming dismissal of breach of contract claim where diocese's oral promise to prevent teacher from having any contact with children contained no timeframe and thus could not be performed within one year).

## CONCLUSION

For all the foregoing reasons, the Court hereby grants in part and denies in part Defendants' Motion to Dismiss the FAC. [DE 28] Specifically, the Court DENIES Defendants' request to dismiss TAOD's copyright infringement claims. However, the Court GRANTS Defendants' request to dismiss the breach of contract claim against Bennington. Count I of the First Amended Complaint is therefore DISMISSED, with prejudice. Counts II and III move on.

SO ORDERED.

ENTERED: June 18, 2018

                                              /s/ JON E. DEGUILIO
                                    Judge
                                    United States District Court