# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| THE ART OF DESIGN, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-595-JD-JEM |
| | ) | |
| PONTOON BOAT, LLC, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Pontoon Boat, LLC's Responses to Requests for Production 6 and 12 [DE 52], filed October 18, 2018. Plaintiff The Art of Design seeks an order compelling Defendant Pontoon Boat to produce unredacted invoices for the sales of boats bearing Plaintiff's allegedly copyright-protected images. Defendant filed a response on October 31, 2018, and Plaintiff replied on November 14, 2018.

Plaintiff creates artwork that can be used in boat design, and Defendant sells boats. Plaintiff alleges that Defendant sold boats that incorporated Plaintiff's "Shatter Graphic" design, or substantially similar designs, without Plaintiff's authorization. Plaintiff sued under the Copyright Act, which provides that "[t]he copyright owner is entitled to recover the actual damages . . . and any profits of the infringer that are attributable to the infringement. . . . [T]he infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Plaintiff asked Defendant for records of the sales of the disputed boats, and documents supporting any claim that Defendant's profit from the boats was not attributable to the designs. Defendant produced heavily redacted invoices, revealing the "line-item" price Defendant charged customers for the particular designs, but not the price of the rest of the boat. Plaintiff argues the redacted information is necessary, because Defendant "bundled" the design with

the boat, and therefore Defendant's profit from the design cannot be ascertained from the line-item price of the design. Defendant argues that the redacted invoices, showing what customers were charged for the designs, demonstrate the profit from the designs, and what the rest of the boat costs is irrelevant.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party objecting to the discovery request bears the burden of "show[ing] why [that] particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

To prove damages in a copyright case, the copyright owner must prove the "infringer's gross revenue," and the infringer must prove "the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Plaintiff argues that the sale of the boat itself constitutes the "gross revenue," and Defendant must show how much profit from the sale of the boat is attributable to factors other than the design. Defendant argues that the price it charged customers for the design, not the boat itself, is the "gross revenue," and therefore the price of the boat itself is irrelevant. As the non-movant, it is Defendant's burden to show that Plaintiff's interpretation is "improper." *McGrath*, 625 F. Supp. at 670.

Defendant has not met that burden. Defendant cites *Bell v. Taylor,* 827 F.3d 699 (7th Cir. 2016), to argue that any profits beyond the line item price are "indirect profits," for which there is not enough of a "causal nexus" with the alleged infringement to compel discovery. In *Bell*, the plaintiff sued computer, real estate, and insurance businesses that displayed a copyrighted photo of a city skyline on their websites. *Id*. at 703. The plaintiff sought the defendants' tax returns, to determine whether the businesses overall had made or lost money during the time the photos were online. *Id*. The district court denied the plaintiff's motion to compel, finding that any connection between the photo and the defendants' profits was "pure speculation," and the Seventh Circuit Court of Appeals affirmed. *Id.* at 710-711; *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014 WL 2581175, at *1 (S.D. Ind. June 9, 2014). In this case, Plaintiff seeks information regarding the revenue gained from particular items bearing the allegedly infringing design. The connection between the design and the boat is far from "speculation": the design is painted on the boat.

Defendant argues that additional discovery is not appropriate unless Plaintiff provides argument "to demonstrate how the [requested information] would allow him to develop a causal nexus" between the design and the profit from the sale of the boat. *Bell,* 827 F.3d at 710. Plaintiff provides that argument – it argues that the infringing design was "bundled" and sold together with the boat. The Seventh Circuit has recognized that "tracing the profits to another product" can be necessary to provide an accurate measure of damages when the products are bundled. *See Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 933 (7th Cir. 2003) ("Suppose a defendant had copied a copyrighted book verbatim and he then offered to sell copies of the book for nothing to anyone who would pay him $25 for a bookmark that had cost him 10 cents and had a market value of 50 cents. To hold in such a case that the defendant's profits from infringement were zero would

3

approve a formula for evading copyright law.").

Plaintiff offers evidence that the design was linked with the boat as part of a broader marketing strategy for the boat. Plaintiff cites to narration in a marketing video produced by Defendant: "What this boat [bearing the disputed image] represents is the future of our business. This is the visual direction that we're taking our business. . . . We already have the sexiest boat in the pontoon industry . . . we gave it a Dean Loucks[1] paint job." Moreover, in considering a discovery motion, the Court does not need to find that Defendant bundled the design and the boat, or that Defendant may have gained additional profit from the design beyond the line-item prices provided by Defendant. Discovery is "construed broadly to encompass any matter that bears on . . . any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 351. For that reason, and given that Plaintiff's requests relate to the sale of boats that bore the disputed design, the Court finds that Defendant has not met its burden to show that the request is irrelevant or improper.

For the reasons described above, the Court hereby **GRANTS** the Motion to Compel Pontoon Boat, LLC's Responses to Requests for Production 6 and 12 [DE 52]. Because the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **ORDERS** Plaintiff to file, on or before **December 20, 2018**, an itemization of its costs and fees incurred in making the motion to compel, with Defendants to respond on or before **January 3, 2019**, and Plaintiff to file a reply, if any, on or before **January 10, 2019**.

SO ORDERED this 28th day of November, 2018.

---

[1] According to the First Amended Complaint, Dean Loucks was the original author of the disputed image, and assigned his rights in the design to Plaintiff.

<pre>
                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT
</pre>

cc:     All counsel of record