**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| THE ART OF DESIGN, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-595-JD-JEM |
| | ) | |
| PONTOON BOAT, LLC, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for the Issuance of a Request to the Register of Copyrights and to Dismiss Pursuant to 17 U.S.C. § 411(b) [DE 88] filed June 28, 2019. Defendant requests that the Court stay this case, seek an opinion from the Register of Copyrights regarding copyrighted designs at issue in this case, and dismiss the action if the Register finds that Plaintiff's copyright registration should have been refused. Plaintiff filed a response on July 19, 2019, and Defendant filed a reply on July 26, 2019. Defendant also filed a motion [DE 90] to seal its memorandum and one attachment to the motion, but now represents that the parties have agreed that they need not be sealed.

**I.    Background**

Plaintiff alleges that Defendant sold boats that incorporated Plaintiff's "Shatter Graphic" design, or substantially similar designs, without Plaintiff's authorization. Plaintiff owns a registered copyright in the "Shatter Graphic" designs, and sued for damages under the Copyright Act, 17 U.S.C. § 101 *et seq.* Ownership of a valid copyright registration is a required element of a cause of action for copyright infringement. *Id.*, § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

To obtain a copyright registration, the applicant must disclose to the Copyright Office "in

the case of a compilation or derivative work, an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered." 17 U.S.C. § 409(9). Plaintiff represented to the Copyright Office, and has maintained throughout this litigation, that the designs were "original," not compiled from or derivative of any other designs. In discovery, Defendant obtained evidence that the designs were in fact derived from stock images purchased from a third party. A copyright registration obtained with false information cannot sustain a claim for copyright infringement if the information "was included on the application for copyright registration with knowledge that it was inaccurate; and . . . the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). If the validity of the registration is challenged, "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." *Id.*, §(b)(2). The Register's opinion is advisory, typically limited to the question of whether the inaccuracy was "material" to obtaining the registration, and the Register's statement that registration would have been refused does not compel dismissal of the case. *See, e.g., Roberts v. Gordy*, 877 F. 3d 1024, 1027-30 (11th Cir. 2017) (reversing dismissal of an infringement action despite the Register's statement that it would not have issued copyright registrations had it known about inaccuracies in the application).

Defendant asks the Court to request an advisory statement from the Register based on Plaintiff's failure to disclose the derivative images in its application, and wants to stay proceedings until the Register responds. Plaintiff argues that the Register's opinion is not necessary, because Defendant has not shown that Plaintiff knew the application was inaccurate. Plaintiff states that its

2

lawyer filled out the copyright application in anticipation of this litigation, but the lawyer did not know until recently that the images were derived from other designs.

**II.     Analysis**

Although the Copyright Act states that courts "shall" consult the Register "[i]n any case in which inaccurate information . . . is alleged," 17 U.S.C. § 411(b)(2), courts are not required to consult the Register every time a copyright is challenged. The Seventh Circuit Court of Appeals has held that "courts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice. . . . [The challenging party] should demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013). In other words, the Court can screen the allegations before referring them to the Register, so parties cannot "abuse" this tactic as a "weapon to delay the proceedings." *Id*.

Plaintiff argues that its error is not the kind that would have jeopardized its copyright registration, and therefore it should not be referred to the Register. Plaintiff says that it did not "knowingly" include the inaccurate information, because the lawyer who filled out the application did not know that the works were derived in part from other sources. Plaintiff argues that to show the inaccuracy was "knowingly" made, or that its registration would be invalid, Defendant must show that Plaintiff intended to defraud the Copyright Office. In response, Defendant indicates that it believes Plaintiff did defraud the Copyright Office, but that for present purposes, Defendant only has to show that Plaintiff included the inaccurate information "with knowledge that it was inaccurate." Substantial case law supports both parties' interpretations of this rule. *See, e.g., United*

3

*Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1259 (9th Cir. 2011) ("Macy's argues that United's copyright is invalid because it submitted a copyright application that did not list the Design as a derivative work. This argument cannot be accepted because, in the absence of fraud on the Copyright Office, such errors are not cause for invalidation."); *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003) (holding, in a case where a plaintiff attempted to register a copyright to a company that did not yet exist, "inadvertent mistakes on registration certificates do not . . . bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement") (quoting *Urantia Foundation v. Maaherra*, 114 F.3d 955, 963 (9th Cir.1997)); *but see Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1147 (9th Cir. 2019) (holding that "the plain language of § 411(b) . . . does not require a showing of fraud, but only that the claimant included inaccurate information on the application 'with knowledge that it was inaccurate'"); *Palmer/kane LLC v. Gareth Stevens Publ'g*, No. 1:15-CV-7404-GHW, 2016 WL 6238612, at *4 (S.D.N.Y. Oct. 24, 2016) ("To the extent that Plaintiff argues that the statute requires a showing of "fraudulent intent" separate and apart from a showing of knowing inaccuracy, the Court . . . declines to graft this additional requirement onto the plain statutory text.").

The Court finds that it is not necessary to decide whether fraudulent intent is required, because Defendant has presented adequate possibility of fraud to justify a referral to the Register. Plaintiff argues that its lawyer filled out the application, and the lawyer did not know that the works were partly derived from other sources. Plaintiff does not fully explain why lawyer and client would not have consulted on this point before attempting to register the copyright. Defendant presents evidence that Plaintiff and its counsel persisted in the position that the work had been created from

4

scratch, through written discovery and into depositions, until Plaintiff's Rule 30(b)(6) deponent was confronted with the "stock" file that the works were based on.

Further, although Plaintiff cites many cases stating that "inadvertent mistakes" in applying for copyright registration are not fatal to a copyright infringement action, this case is distinguishable from many of those because the inaccuracy here – the existence of a previous design – is material to the decision of whether the work itself should be copyrighted. *C.f., Billy-Bob Teeth,* 329 F.3d at 591-92 (holding that, although a corporation could not show an ownership interest in a valid copyright as a "work made for hire" because the corporation did not exist at the time of the authorship, its error in the registration did not foreclose it from arguing that the author had subsequently assigned his rights to the corporation); *Design Ideas, Ltd. v. Meijer, Inc.*, No. 15-CV-03093, 2016 WL 4487830, at *13 (C.D. Ill. Aug. 25, 2016) ("Because secondary utilitarian functions do not invalidate copyright protection, Plaintiff did not knowingly include inaccurate information on the application. As such, the Court finds that it need not ask the Register of Copyrights if the additional information would have caused the Register to refuse registration."). It makes more sense to consult the Register in this case, where the originality of the work is questioned, than in the above cases where the inaccuracies did not relate to copyright protection.

The Court expresses no opinion on whether a defendant must show intent to defraud the Copyright Office to defeat an infringement claim, and does not find that fraud necessarily occurred in this case. For purposes of seeking an opinion from the Register, the Court finds sufficient evidence that the registrant "knowingly included the inaccuracy in his submission to the Copyright Office." *DeliverMed Holdings*, 734 F.3d at 625. In particular, the evidence presented satisfies the purpose of the screening test in *DeliverMed Holdings*: limiting the "obvious potential for abuse"

5

created by the statute's requirement that the Register be consulted in "any case" where false information is alleged. *See id.* (explaining the rationale for the test).

Defendant also requests that proceedings be stayed until the Register's opinion is returned. Under the circumstances in this case, and noting the concerns described in *DeliverMed*, a stay is not yet necessary. The Register's opinion is advisory – if the Register states that it would not have issued a registration, the Court may still permit the case to continue. *See Roberts*, 877 F. 3d at 1030 (reversing dismissal of an infringement action despite the Register's opinion that it would have refused to issue a registration for the copyrights at issue, because the district court failed to find sufficient evidence of "intentional or purposeful concealment"). Therefore, regardless of the content of the opinion, the parties will have an opportunity to argue the legitimacy of the registration and its effect on the legal claim.[1] The parties' briefing also indicates that discovery is ongoing as to fraud and other issues. These processes should proceed in parallel; the advisory opinion will not end this litigation, so there is no point in delaying the case, which is almost three years old. If a motion is filed and a party thinks that the Register's opinion is required for the motion to be fairly heard, it can seek a stay at that time.

### III. Conclusion

For the reasons described above, the Court **GRANTS in part and DENIES in part** Defendant's Motion for the Issuance of a Request to the Register of Copyrights and to Dismiss Pursuant to 17 U.S.C. § 411(b) [DE 88]. The Court **GRANTS** Defendant's request for the issuance of a Request to the Register of Copyrights, which will be issued by separate order. The Court

---

[1] In at least one advisory opinion, the Register has stated that it "will assume the truth of [the] allegations" that the applicant knowingly made false statements in the application, for the purpose of rendering its opinions as to whether the inaccuracies were material. *Urban Textile, Inc. v. Rue 21, Inc.,* 2-14-cv-08285-ODW-FFM, [DE 104] at *5, n. 8.

**DENIES** Defendant's request to stay the case. The Court **GRANTS** Defendant's Motion to Withdraw Motion for Leave to File Under Seal [DE 97], **ORDERS** that the motion to seal at [DE 90] is hereby **WITHDRAWN**, and **DIRECTS** the Clerk of Court to remove the seal from the Memorandum and exhibits at [DE 89].

SO ORDERED this 8th day of August, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record